UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 13-02-KSF

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                        **OPINION & ORDER**

LIONEL EUGENE WATKINS                                          DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion [DE #21] of the defendant, Lionel

Eugene Watkins, pursuant to 18 U.S.C. § 3145(b), to revoke the Detention Order [DE #20] entered

by United States Magistrate Judge Robert E. Wier on January 28, 2013.  After review of the motion,

the United States' response [DE #24], the transcript of the hearing before Magistrate Judge Wier on

January 24, 2013, and the relevant caselaw, the Court agrees that detention is appropriate in this case

for the reasons set forth below.

I.      **INTRODUCTION**

On January 10, 2013, a federal grand jury returned a five-count indictment against Watkins

and his co-defendant, Travis D. McGee, charging them with various drug trafficking crimes [DE #1].

Specifically, Count 1 charges Watkins with conspiring to distribute five hundred grams or more of

a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

in violation of 21 U.S.C. §841(a)(1), all in violation of 21 U.S.C. § 846.  The alleged conspiracy

occurred from January 2007 to November 2012 in Fayette County, Kentucky.  In Counts 2 and 3,

1

Watkins is charged with intent to distribute cocaine and marijuana, respectively, in Fayette County in 2012, in violation of 21 U.S.C. § 841(a)(1). Count 5 charges Watkins with possession of firearms in furtherance of the drug trafficking crimes charged in Counts 1-3 in violation of 18 U.S.C. § 924(c)(1)(A)(1). An arrest warrant was issued for Watkins on January 10, 2013 [DE #4], and he self-surrendered on January 22, 2013. Watkins made his initial appearance on January 22, 2013 and was remanded to custody pending a detention hearing [DE #15].

On January 24, 2013, Watkins appeared before Magistrate Judge Wier for a detention hearing [DE #18]. Watkins' mother, Lillian Manning, provided evidence about his lifelong residency in Kentucky and good relationship with his immediate family. She testified that Watkins grew up in Clinton County, Kentucky, before attending college in Kentucky. According to Manning, Watkins has two children and an ex-wife in Hopkinsville, Kentucky, and he has regular contact with his children. If released pending trial, Manning indicated her willingness for Watkins to live with her and offered to turn him in if he violated any bond conditions.

The United States relied on the testimony of Officer Robert Hart, a Narcotics Detective with the Lexington Police Department assigned to the Drug Enforcement Administration ("DEA") as a Task Force officer. He participated in the November 8, 2012 execution of a search warrant at the defendants' residence in Lexington, Kentucky. He testified that law enforcement seized ten or eleven firearms, all loaded, at least two with the hammer cocked, from the residence. The seized firearms included an assault rifle in a common bathroom on the towel rack, a semi-automatic handgun on the kitchen sink, and a semi-automatic handgun on the mantle. Furthermore, two handguns were found in the bedroom believed to be used by Watkins. Officer Hart further testified that several pounds of marijuana and seventy-four grams of cocaine were recovered from the

2

residence, along with several thousand dollars of cash, including $5,000 from Watkins' person.  Also found in the home were several bullet-proof vests, a money counter, and two kilo press frames.  At the close of the hearing, Magistrate Judge Wier took this matter under advisement and advised the parties of their right to appeal his decision to this Court.

On January 28, 2013, Magistrate Judge Wier issued his Detention Order based on his finding that Watkins was a risk of danger to the community and ordered that Watkins remain in custody pending trial [DE #20].  On February 7, 2013, Watkins filed his Motion to Revoke Detention Order [DE #21].  Watkins contends that the Court failed to consider whether some combination of conditions will reasonably assure the safety of the community.

## II.   DISCUSSION

### A.   THE RELEVANT STATUTES ON DETENTION PENDING TRIAL

Section 3142 of Title 18 of the United States Code governs the release or detention of a defendant pending trial.  Under this statute, "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions [of release] . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . [u]pon motion of the attorney for the Government . . ., in a case that involves . . . a serious risk" of the defendant's flight or a "serious risk" that the defendant "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror."  18 U.S.C. § 3142(f)(2).  At the hearing, the judicial officer shall consider the following factors:

> (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). In a case where the defendant is charged with, *inter alia*, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)," or "an offense under section 924(c)," it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause that the defendant committed one of these crimes. 18 U.S.C.§ 3142(e)(3); *see also United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010). This presumption imposes only a "burden of production" on the defendant, requiring that the defendant produce "some evidence" that he does not pose a danger to the community or a risk of flight. *Id*. at 945. The government retains the "burden of persuasion." *Id*. If the judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the "judicial officer shall order the detention of the person before trial." 18 U.S.C.§ 3142(e). The judicial officer's determination must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f). The detainee may "file, with the court having original jurisdiction

4

over the offense, a motion for revocation or amendment of the [detention] order," which must be "determined promptly."  18 U.S.C. § 3145(b).

### B.    THE DETENTION ORDER

Magistrate Judge Wier first considered whether Watkins produced enough evidence to rebut the presumption contained in 18 U.S.C. § 3142(e)(3).  He found Manning's testimony as to Watkins' connections to the community to be credible.  Magistrate Judge Wier also noted that Watkins had self-surrendered upon learning of the federal Indictment against him.  He accepted defense counsel's proffer that Watkins had made all court appearances while released on state bond.  Finally, the Magistrate Judge noted that the PSR recommendation as to detention was based only on risk to the community, not risk of nonappearance.  For these reasons, the Magistrate Judge concluded that Watkins had offered sufficient credible evidence to rebut the resumption that he has a risk of flight.

Next, Magistrate Judge Wier considered whether Watkins produced enough evidence to rebut the presumption as to risk of danger.  Again, he found Manning's testimony that there are no weapons in her home and that she would notify the authorities if Watkins violated any release conditions credible.  Magistrate Judge also noted that Watkins does not have a lengthy criminal record or prior felonies, and the fact that he had been released on bond by the state court provides some evidence that he will not pose a danger.  For these reasons, Magistrate Judge Wier concluded that Watkins had successfully rebutted the presumption that he poses a risk of danger to the community.

By rebutting the 18 U.S.C. § 3142(e)(3) presumption, the burden then shifted to the government to show, based on the 18 U.S.C. § 3142(g) factors, that there were no conditions or combination of conditions which would reasonably assure the safety of the community.  First, the

Magistrate Judge determined that the drug trafficking charges and § 924(c) gun charges are statutorily pro-detention under 18 U.S.C. § 3142(g)(1).  Next, the Magistrate Judge relied on Officer Hart's testimony as to the loaded guns, drugs, money, jewelry, drug paraphernalia, and bullet-proof vests seized from the residence to conclude that there was a serious concern about potential danger to the community.  Also of concern to Magistrate Judge Wier was the fact that Watkins admitted that he continued to use marijuana daily while out on bond for state drug felonies related to this Indictment.  According to Magistrate Judge Wier, this is indicative of a lack of respect for and an inability to comply with the law and release conditions.  For these reasons, Magistrate Judge Wier concluded that no condition or combination of conditions can adequately or reasonably assure against danger to the community in this case.

### C.    THE STANDARD OF REVIEW

While 18 U.S.C. § 3145 clearly provides this Court with jurisdiction to review the Magistrate Judge's detention order, it does not set out the standard of review.  Nor has the Sixth Circuit Court of Appeals spoken directly on this issue.  In *United States v Hazime*, 762 F.2d 34, 36-37 (6th Cir. 1985), the Sixth Circuit noted without further comment that at least one district court, after opining that a clearly-erroneous standard was probably correct, conducted a *de novo* review of a magistrate judge's pretrial detention order.  The *Hazime* court did not disturb this procedure, but also did not mandate a particular standard of review of the district court level.  *See id*. at 36-37.  As a result, most district courts in the Sixth Circuit have applied the *de novo* standard of review.  *See United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000); *United States v. Williams*, 948 F.Supp. 692 (E.D.Mich. 1996).  Consequently, this Court will conduct a *de novo* review of Magistrate Judge's Wier's January 24, 2013 Detention Order.

6

Watkins has not requested a hearing on this matter, and the statute does not explicitly require one. However, in his motion, Watkins proffers additional evidence in support of his request for release pending trial. Specifically, Watkins' motion contends that he has "located an individual with great law enforcement experience who is willing to make random checks" on him and "report any violations of bond conditions." His motion also states that his mother has agreed to refrain from working as a tobacco stripper in order to supervise Watkins more closely.

**D.   ANALYSIS**

The Court has reviewed the entire record in this matter, including a transcript of the Detention Hearing held by Magistrate Judge Wier on January 24, 2013. The Court agrees with Magistrate Judge Wier's finding that the government failed to establish that Watkins is a flight risk. Although Officer Hart's testimony indicates that Watkins may have access to large sums of cash, and therefore the means to flee, there are conditions that could be imposed to ensure his appearance in court. Furthermore, Watkins' ties to the community and his decision to self-surrender on the federal Indictment predominate the analysis on this factor.

The closer call is whether the government established that Watkins' release would pose a danger to the community. However, a review of all the factors in 18 U.S.C. § 3142(g) supports detention. Watkins is charged with serious drug trafficking and gun crimes which are statutorily pro-detention. The search of Watkins' residence resulted in the seizure of ten or eleven firearms, all loaded, two with the hammer fully cocked, including an assault rifle in the bathroom over a towel rack, a semi-automatic handgun on the sink, and a semi-automatic handgun on the mantle. Two handguns were located in Watkins' bedroom. Seventy-four grams of cocaine, several bullet-proof vests, a money counter, two kilo press frames, $125,00 in jewelry hidden in traps in a vehicle, and

7

several more thousand dollars were also recovered. The Court agrees with Magistrate Judge Wier's conclusion that "[t]he evidence of danger is manifest" [DE #20, p.5]. Watkins certainly poses a threat to the safety of other persons and the community.

In his motion, Watkins has alleges that he has enlisted the services of an individual with law enforcement experience who is willing to make random checks on Watkins and to report any violations of bond conditions. He also alleges that his mother has agreed to refrain from working in order to supervise Watkins more closely. Watkins has not, however, presented the Court with any affidavits from these individuals or requested a hearing to present the testimony of these witnesses.

Even if the Court were to consider Watkins' supplemental evidence, it is not enough to overcome the other overwhelming evidence before the Court. The presence of so many loaded weapons in the residence with drugs, large sums of money and bullet-proof vests raises a serious concern about potential danger to the community that cannot be overcome by any bond conditions that the Court would impose.

## III.   CONCLUSION

Under *de novo* review, this Court finds that detention is necessary to assure the safety of other persons and the community. Accordingly, Watkins' motion to revoke [DE #21] is hereby **DENIED**.

This February 19, 2013.



**Signed By:**

***Karl S. Forester***   $KSF$

**United States Senior Judge**